# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MICHAEL BLANTON,

    Plaintiff,

v.

                                    Case No. 3:24-cv-922-TJC-MCR

CSX TRANSPORTATION, INC.,

    Defendant.

## O R D E R

**THIS CASE** is before the Court on Defendant's Motion to Dismiss, Doc. 12. For the reasons described, the motion is denied.

Defendant, CSX Transportation, Inc., employed Plaintiff, Michael Blanton, until around December 2020. See Doc. 1 at 4–5; Doc. 12 at 5. CSX terminated Blanton for a workplace rules violation—alleged misuse of time off on December 24, 2020, under the Family and Medical Leave Act. Doc. 1. There have been multiple lawsuits alleging CSX improperly disciplined and terminated employees for FMLA misuse. This includes a 2018 Maryland lawsuit, Bell v. CSX Transp., Inc., No. 1:18-cv-744 (D. Md.). Relevant here, Bell included a class defined as: Individuals who, at any time from three years preceding the complaint's filing to the resolution of this action, were disciplined or terminated for using FMLA leave. Doc. 1 at 4.

The class in Bell was never certified. On May 8, 2024, the Bell court denied CSX's motion for summary judgment. Bell, Doc. 105. That same day, it issued a show cause order expressing doubt "that the case in its current form is amenable to class certification." Bell, Doc. 107. The show cause order specified that if the matter did not proceed as a class action, the court was likely to transfer all cases of non-Maryland residents to the federal judicial district where each resided. Id. On June 5, 2024, the Bell plaintiffs responded that they did not object to having the cases of non-Maryland residents transferred.[1] Bell, Doc. 112. Before the transfers occurred, on September 6, 2024, Blanton filed this suit. Doc. 1.

When Blanton filed this suit, it was more than three years after his termination.[2] The motion to dismiss makes a single argument: that Blanton's lawsuit is barred by FMLA's two- or three-year statute of limitations. 29 U.S.C. § 2617(c); see Munoz v. Selig Enters., Inc., 981 F.3d 1265, 1274 n.2 (11th Cir. 2020). Without tolling, Blanton's claim is untimely.

Blanton argues tolling applies because he was a putative class member in the Bell litigation. See Crown, Cork, & Seal Co., Inc. v. Parker, 462 U.S. 345,

---

[1] The transfers occurred in November 2024. Bell, Doc. 129; see e.g., Bell v. CSX Transp., Inc., No.:8:24-cv-2777-VMC-LSG. Blanton was not a named plaintiff in the Bell litigation.

[2] Blanton's termination date is not specified, but there is no dispute the lawsuit was filed more than three years after his termination.

2

349 (U.S. 1983) ("To protect the policies behind the class action procedure, the Court held that 'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.'") (quoting Am. Pipe & Const. Co. v. Utah, 414 U.S. 538 (1974)). If the Bell class had been certified, it would have encompassed Blanton's termination. Once the Bell court signaled class certification was unlikely, Blanton quickly filed suit individually. The circumstances of this case fall under the reasoning of American Pipe and Crown, Cork, & Seal Co., and tolling is proper.

CSX argues tolling does not apply because the proposed class in Bell was an improper "fail-safe" class and that it did not give CSX "the essential information necessary to determine both the subject matter and size of the prospective litigation." Doc. 12 at 14 (quoting Am. Pipe, 414 U.S. at 555). CSX's objections are not persuasive. CSX had notice of legal concerns regarding its discipline and termination decisions over alleged FMLA misuse. CSX did or should have known which employees it disciplined or terminated based on alleged FMLA misuse. CSX terminated Blanton after an internal hearing in or around December 2020, almost two years after the Bell litigation started in Maryland, challenging similar practices and seeking a class that would include others similarly impacted, such as Blanton.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss, Doc. 12, is **DENIED**. Defendant shall answer the complaint no later than **July 25, 2025**.

2. The parties shall file a case management report no later than **July 25, 2025**.

**DONE AND ORDERED** in Jacksonville, Florida the 25th day of June, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

4