**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| MICHAEL BLANTON,<br><br>Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br><br>Defendant. | ) | Case No. 3:24-cv-00922 |

**DEFENDANT CSX TRANSPORTATION, INC.'S**
**ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant CSX Transportation, Inc. ("CSX"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Michael Blanton ("Blanton" or "Plaintiff"). CSX denies all of the allegations contained in the Complaint unless expressly admitted herein. CSX answers the allegations in the like-numbered paragraphs of the Complaint as follows:

## INTRODUCTION

1. CSX admits that it operates a 365-day-a-year business, and that some employees must work on weekends and holidays. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding what certain unspecified employees understand about their

employment, and thus denies those allegations on that basis. CSX further denies that it requires employees to work through serious illnesses, miss their children's births, and/or choose between caring for their sick loved ones and keeping their jobs.

2. The first sentence of Paragraph 2 states a conclusion of law as to which no response is required. To the extent any response is required, CSX admits that the Family and Medical Leave Act ("FMLA") entitles eligible employees to take leave for specified family and medical reasons, subject to various terms and conditions. CSX denies the remaining allegations contained in Paragraph 2.

3. CSX denies the allegations contained in Paragraph 3.

4. CSX denies the allegations contained in Paragraph 4.

5. CSX admits that it terminated Blanton's employment, but denies violating the FMLA. CSX further denies each and every remaining allegation contained in Paragraph 5.

**PARTIES**

6. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegation of Plaintiff's current residence, and therefore denies it.

7. CSX admits that it is headquartered in Jacksonville, Florida, and that it provides freight rail transportation services in many parts of the

country, including Florida. CSX denies the remaining allegations contained in Paragraph 7.

## JURISDICTION AND VENUE

8. The allegation contained in Paragraph 8 states a conclusion of law as to which no response is required. To the extent any response is required, CSX admits that this Court has jurisdiction over Plaintiff's FMLA claims under 28 U.S.C. § 1331.

9. CSX admits that it is headquartered in this district. Plaintiffs' allegation that venue is proper in this district is a legal conclusion to which no response is required. To the extent any response is required, CSX admits that venue is proper in this district. CSX denies the remaining allegations contained in Paragraph 9.

## FACTUAL ALLEGATIONS

10. CSX admits that Blanton worked for CSX for 20 years but denies that he worked as an engineer that entire time.

11. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore denies them.

12. CSX admits that Plaintiff requested intermittent FMLA leave. CSX lacks knowledge or information sufficient for form a belief as to the truth of the remaining allegation contained in Paragraph 12, and therefore denies it.

13. CSX admits that, in a letter dated February 26, 2020, it notified Blanton that he was approved to take FMLA leave for up to 3 episodes per week and up to 3 days per episode. CSX denies any remaining allegations contained in Paragraph 13.

14. CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore denies them.

15. CSX admits that Blanton marked off FMLA starting at 9:52 a.m. on December 24, 2020. CSX denies the remaining allegations contained in Paragraph 15.

16. CSX admits that Plaintiff marked up for work at 9:43 a.m. on December 25, 2020. CSX denies the remaining allegations contained in Paragraph 16.

17. CSX admits that it charged Plaintiff with using FMLA leave dishonestly on Christmas Eve and into Christmas Day. CSX denies the remaining allegations contained in Paragraph 17.

18. CSX denies the allegations contained in Paragraph 18.

19. CSX admits that its collective bargaining agreements generally provide that employees charged with rule violations are entitled to a hearing before discipline is assessed, and avers that such hearings are conducted in accordance with the terms of the applicable collective bargaining agreement.

CSX also admits that hearing officers are members of management; that hearings on charges typically take less than one day; and that the Federal Rules of Evidence do not govern these internal investigatory hearings. CSX denies each and every remaining allegation contained in Paragraph 19.

20. CSX denies the allegations contained in Paragraph 20.

21. CSX admits that it terminated Plaintiff's employment. CSX denies each and every remaining allegation contained in Paragraph 21.

22. CSX admits that *Bell v. CSX Transportation, Inc.*, No. 1:18-cv-744 (D. Md.), was a putative class action lawsuit but denies that Plaintiff's claims were ever part of that case. CSX further denies each and every remaining allegation contained in Paragraph 22.

23. CSX admits that the putative classes in *Bell* were defined in the manner described but denies that the putative class claims had any merit.

24. CSX denies the allegation contained in Paragraph 24.

25. Paragraph 25 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX denies the allegation contained in Paragraph 25.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FMLA-INTERFERENCE

26. Paragraph 26 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX admits the allegation contained in Paragraph 26.

27. Paragraph 27 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX admits the allegation contained in Paragraph 27.

28. CSX denies the allegations contained in Paragraph 28.

**COUNT II**

**VIOLATIONS OF THE FMLA-DISCRIMINATION**

29. Paragraph 29 states a conclusion of law as to which no response is required. To the extent that any response is required, CSX admits the allegation contained in Paragraph 29.

30. CSX denies the allegations contained in Paragraph 30.

31. CSX denies the allegations contained in Paragraph 31.

32. CSX denies the allegations contained in Paragraph 32.

**PRAYER FOR RELIEF**

33. CSX denies that it violated the FMLA. CSX admits that Plaintiff seeks the relief described in Paragraph 33 but denies that Plaintiff is entitled to that or any other relief.

34. CSX admits that Plaintiff seeks the relief described in Paragraph 34 but denies that Plaintiff is entitled to that or any other relief.

35. CSX admits that Plaintiff seeks the relief described in Paragraph 35 but denies that Plaintiff is entitled to that or any other relief.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the particular allegations in the Complaint, and without conceding that it bears the burden of proof as to any issue, CSX asserts the following further defenses to Plaintiffs' Complaint:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are time-barred.

### THIRD DEFENSE

The doctrine of laches bars Plaintiff's claims insofar as he waited more than three-and-a-half years to bring them.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### FIFTH DEFENSE

At all times, CSX acted in good faith and had reasonable grounds for believing that its actions towards Plaintiff did not violate the FMLA or any other law.

**SIXTH DEFENSE**

Plaintiff's claims are precluded, in whole or in part, by the Railway Labor Act, 45 U.S.C. § 151 *et seq*.

**SEVENTH DEFENSE**

Plaintiff's claims for lost wages and benefits are barred, in whole or in part, to the extent that he failed to mitigate his alleged damages.

**EIGHTH DEFENSE**

CSX is entitled to set-off credit against Plaintiff's damages, if any, for any such amounts he received from any source whatsoever with respect to the issues covered by this suit.

***

CSX reserves the right to assert and does not waive any additional or further defenses as may be revealed during discovery or otherwise and reserves the right to amend this Answer to assert any such defenses.

July 25, 2025

*/s/ Thomas R. Chiavetta*
Thomas R. Chiavetta
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3975
tchiavetta@jonesday.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 25, 2025, a true and accurate copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to Plaintiff's counsel.

*/s/ Thomas R. Chiavetta*