**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| MICHAEL BLANTON,<br><br>Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br><br>Defendant. | CASE NO. 3:24-CV-00922 |

**DEFENDANT'S REPLY IN SUPPORT**
OF MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

**Page**

I. PLAINTIFF'S OPPOSITION IS INSUFFICIENT TO SURVIVE SUMMARY JUDGMENT .......... 2

A. Blanton Confuses the Governing Law .......... 2

B. Blanton Cannot Prove Retaliation .......... 6

1. Blanton's attacks on the investigative process mischaracterize the record and fail to establish pretext. .......... 6

2. Blanton's attack on the evidence against him does not establish pretext. .......... 7

a. The timing and pattern of Blanton's holiday mark-offs reasonably led CSX to conclude he was again misusing FMLA leave. .......... 7

b. Blanton's failure to adequately explain the suspicious pattern of holiday mark-offs was legitimately taken into account. .......... 9

c. There is no evidence that any of the managers who decided on Blanton's discipline did not truly believe he had been dishonest. .......... 10

3. Blanton fails to adequately rebut CSX's comparator evidence. .......... 10

C. Blanton Cannot Prove His FMLA Interference Claim .......... 11

CONCLUSION .......... 11

In order to prevail, Plaintiff Michael Blanton ("Blanton") must show that CSX's stated reason for disciplining him was pretext for retaliation – *i.e.*, that CSX did not believe in good faith that he misused FMLA leave over Christmas 2020 and disciplined him instead for retaliatory reasons. He cannot do so.

Blanton does not dispute that, under Eleventh Circuit law, an honest belief that an employee has misused FMLA leave is sufficient to defeat FMLA claims. Instead, he argues that CSX's belief that he misused FMLA leave was not honestly held because the company did not do enough to investigate or have enough evidence to discipline him. Blanton is wrong. Under binding Eleventh Circuit precedent, the test is whether CSX made "an honest choice" when deciding on discipline, not whether it conducted a flawless investigation. *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176 (11th Cir. 2000). And, at all times, the burden of proof remains on Blanton, not on CSX.

Unable to satisfy that burden, Blanton suggests that the legal standard to sustain an honest belief defense is more demanding than it actually is. He claims that because his FMLA use on holidays was not compared with his use on non-holidays, CSX could not discern any meaningful information from his repeated holiday mark-offs — including his FMLA mark-offs over four straight Christmases. By arguing over the "reasonableness" of CSX's investigation, Blanton is essentially asking the Court to decide whether his discipline was fair and not

whether it was retaliatory. That is not the Court's function. CSX is entitled to summary judgment.

# I. PLAINTIFF'S OPPOSITION IS INSUFFICIENT TO SURVIVE SUMMARY JUDGMENT

## A. Blanton Confuses the Governing Law

To establish pretext, Blanton must prove that CSX did not believe in good faith that he used FMLA leave dishonestly and instead acted with a retaliatory motive. (Doc. 42 (CSX's Mot. for Summary Judgment ("Mot.")) 14-15). He cannot.

**1.** Citing *Parker v. CSX Transportation, Inc.,* 2021 WL 3022703 (N.D. Ala. July 16, 2021), Blanton attempts to reframe the pretext analysis as whether CSX conducted a "reasonable investigation." (Doc. 46 ("Opp.") 2.) While CSX certainly believes its investigation was reasonable, that is not the correct inquiry.

Courts are not "super-personnel departments;" they decide whether discipline was discriminatory, not whether it was "prudent or fair." *Elrod v. Sears, Roebuck and Co*., 939 F.2d 1466, 1470 (11th Cir. 1991); *Damon v. Fleming Supermarkets*, 196 F.3d 1354, 1361 (11th Cir. 1999). Consistent with these principles, an employer can lawfully dismiss an employee based on a good faith belief he was dishonest. (Mot. 13-14.) And, when an investigation produces conflicting evidence, good faith turns on whether the employer made "an honest choice" between the two competing accounts—nothing more. *Total Systems*, 221 F.3d at 1176.

In *Total Systems*, an employer fired an employee after concluding she had lied during an internal investigation. 221 F.3d at 1173. The employee, like Blanton, maintained that she had told the truth, and that her dismissal was retaliatory. *Id.* at 1173, 1175. EEOC, suing on the employee's behalf, argued that summary judgment was inappropriate because a dispute existed as to whether the employee had actually lied. *Id.* at 1175. The Eleventh Circuit rejected this argument; it said that "[w]e cannot agree that an employer must be forced to prove . . . more than its good faith belief that [the employee had lied]." *Id.* at 1175-76. The Court explained that, in the face of conflicting evidence, "the employer can lawfully make a choice between the conflicting versions . . . as long as the choice is an honest choice." *Id.* at 1176. This does not require the employer to show that it left no stone unturned, or that it conducted a flawless or "reasonable" investigation (*id.*):

> "[I]n carrying out its business and in making business decisions (including personnel decisions), the employer can lawfully act on a level of certainty that might not be enough in a court of law. In the workaday world, not every personnel decision involving a false statement [by an employee] . . . has to be treated as something like a trial for perjury."

This standard governs here. Quoting *Lowe v. Ala. Power Co.*, 244 F.3d 1305, 1308 (11th Circ. 2001), Blanton nevertheless maintains (Opp. 9) that "[t]he key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action." But the *Lowe* court was interpreting a specific ADA regulation; it was not expressing a principle applicable

to discrimination cases generally. 244 F.3d at 1308. *Roberts v. Rayonier, Inc.,* 135 F. App'x 351 (11th Cir. 2005) is likewise distinguishable. There, the employer had not conducted any investigation whatsoever; it simply assumed that plaintiff had engaged in misconduct and terminated him for it. 135 F. App'x at 360. In that context, the Court found that "the lack of evidence of significant investigation" could undermine the employer's honest belief defense. *Id.* at 365. In doing so, however, the Court did not overturn or modify the standard set forth in *Total Systems*. Nor is *Roberts* anything like this case, in which Blanton was afforded an investigatory hearing before he was dismissed. (Mot. 9-10.)

**2.** Plaintiff also suggests (Opp. 16) that, in light of *Murray v. UBS Sec., LLC*, 601 U.S. 23 (2024), CSX's motive for dismissing Blanton is irrelevant. That is false. *Murray* involved a claim brought under the Sarbanes-Oxley Act's whistleblower provision – a law that requires an employee to prove only that protected conduct was a "contributing factor" in the adverse employment action. *Id.* at 26-28. The FMLA, by contrast, requires "but-for" causation – a substantially higher burden of proof. (*See* Mot. 12.) *Murray* has no application here whatsoever. And, in fact, even post-*Murray*, the Eleventh Circuit has continued to emphasize the relevance of motive in deciding FMLA retaliation claims. *See, e.g.*, *James v. FedEx Freight, Inc.*, No. 24-12907, 2025 WL 3121784, at *5 (11th Cir. 2025).

**3.** Lastly, Blanton's reliance (Opp. 2–3) on other CSX cases in which courts have denied summary judgment is unavailing. All but one of those cases arose from the same factual context – CSX's large-scale suspension and dismissal of employees for FMLA abuse over Christmas 2017/New Year's 2018.[1] Blanton's dismissal, by contrast, was a discrete event that occurred three years later. Blanton's case must rise and fall on its own facts.

Ultimately, to survive summary judgment, Blanton must do more than show that someone else looking at the same facts might reach a different conclusion. Nor can he prevail by arguing over the adequacy of CSX's investigation. *See Rodriguez v. Cargo Airport Servs. USA, LLC*, 648 F. App'x 986, 991 (11th Cir. 2016) ("[plaintiff]'s arguments regarding the adequacy of the investigation . . . do not call into question whether . . . the decisionmaker[ ] gave an honest explanation for his decision"); *Chukes v. Sailormen Inc.*, 648 F. App'x 779, 782 (11th Cir. 2016) (affirming summary judgment where "the district court correctly determined that, even if [the supervisor]'s investigation was flawed, [plaintiff] offered no evidence that his investigation was a pretext for

[1] The lone exception, *Pack v. CSX Transp., Inc.*, No. 2:24-cv-688, 2026 WL 105022 (S.D. W. Va.), involved an employee who was dismissed for misusing FMLA leave in 2017. CSX concluded that Pack had used leave dishonestly after he initially called and requested personal leave so that he could register his kids for school and then, only after being told that personal leave was unavailable, asked to be marked off FMLA instead. *See id.* at *1–2. CSX reasonably believed under those circumstances that Pack had used FMLA leave dishonestly, and a jury agreed: it ruled in CSX's favor, finding that Pack's dismissal was not retaliatory.

discrimination"). Blanton must show that CSX did not truly believe he had used FMLA leave dishonestly and acted instead with a retaliatory motive. He cannot.

### B. Blanton Cannot Prove Retaliation

In an effort to prove pretext, Blanton attacks the sufficiency of the evidence against him. None of this evidence shows bad faith.

#### 1. Blanton's attacks on the investigative process mischaracterize the record and fail to establish pretext.

Absent evidence of pretext, Blanton takes to mischaracterizing the record. He accuses CSX's tracking system of "flagg[ing] for discipline any employee who had taken FMLA leave on or adjacent to a weekend or other rest day four times in the past 12 weeks." (Opp. 4.) That is not what happened. After reviewing Blanton's history of FMLA mark-offs on holidays – including over four straight Christmases and on Thanksgiving and other holidays earlier that year – CSX believed that his Christmas Eve mark-off was likely fraudulent and charged him accordingly. (*See* Doc. 42-6 (Hearing Transcript) at 11:18–13:41, 18:40–45, 21:2–8, 22:36–23:5.) The process described by Blanton had nothing to do with it.[2]

---

[2] In the testimony cited, Johnson was referring to a process used to identify suspicious patterns of FMLA mark-offs on weekends or before or after time off — not holidays. Moreover, just because an employee is identified through that process does not mean that they will be disciplined. (*See* Doc. 46-1 (Johnson Dep.) 38:21-39:24, 82:16-83:11.) CSX further reviews the facts and circumstances surrounding the mark-offs before deciding whether to warn or charge the employee for FMLA misuse. *Id.* at 98:20-22 ("the employee is provided the opportunity to provide an explanation to [sic] the pattern that's been identified"). And, if the employee is charged, they are entitled to a hearing before any discipline is assessed. (*See* Doc. 42-12 (Jones Decl.) ¶¶ 11-12.) Blanton mischaracterizes the process.

### 2. Blanton's attack on the evidence against him does not establish pretext.

Using the proper framework, Blanton cannot prove retaliation. He has not offered any evidence that any of the managers involved in his dismissal did not truly believe he had used FMLA leave dishonestly. Instead, he claims that various "concerns raised by the court in *Parker*, and reemphasized by the court in *Brown*, appl[y] with equal force here." (Opp. 11.) None of these "concerns" preclude summary judgment. (Mot. 18-20.)

#### a. *The timing and pattern of Blanton's holiday mark-offs reasonably led CSX to conclude he was again misusing FMLA leave.*

Blanton does not dispute that he marked off FMLA over four straight Christmases, and for Mother's Day, Memorial Day weekend, Father's Day weekend, the Fourth of July, and Thanksgiving 2019. (*See* Mot. 7-10.) He also received two prior warnings regarding his pattern of FMLA use on holidays and weekends, including a final warning only a few weeks before Christmas Eve. (*See* Mot. 6-7.) This history supported CSX's belief that Blanton used FMLA leave dishonestly and not for legitimate medical reasons. (*See* Mot. 7-10.)

Blanton challenges CSX's assertion that the timing of his holiday mark-offs was "inherently suspicious" (Opp. 13) but, in doing so, he is merely substituting his own perception for that of the CSX decisionmakers. A reasonable person could easily find it improbable that flare-ups of Blanton's difficulty sleeping — a

condition which he himself admits has no correlation whatsoever to weekends or holidays (*see* Doc. 42-2 (Blanton Dep.) 44:8–16) — would just happen to coincide with Mother's Day, Memorial Day weekend, Father's Day weekend, the Fourth of July, Thanksgiving/Black Friday, Christmas Eve (and the four preceding Christmases). Indeed, a neutral arbitrator looking at the same evidence came to the same conclusion: he upheld Blanton's dismissal. (Mot. 11.)

Nevertheless, Blanton suggests that, absent performing a regression analysis, CSX could not possibly have concluded in good faith that he was misusing FMLA leave. (Opp. 11-12.) But just because Blanton also marked off FMLA on some non-holidays does not mean that his holiday use was legitimate.[3] Moreover, the Christmas Eve mark-off was not viewed in isolation; Jones and Ferrera both considered Blanton's broader FMLA record before making their discipline decision. (*See* Doc. 42-16.) And, to the extent he believed his non-holiday mark-offs were relevant, Blanton could have submitted that evidence at the hearing. He did not do so.

---

[3] Similarly, that Blanton did not take FMLA leave on every single holiday does not mean that his FMLA mark-offs over Christmas for four straight years were any less suspicious. In any event, Blanton's claim that he "was marked up from FMLA leave for all other holidays . . . over the course of [2020]" besides the ones listed on the report presented at his hearing (Opp. 7) is false. (*See, e.g.*, Doc. 46-3 (Blanton Work History Report) at 165 (FMLA mark-off from New Year's Eve 2019 until January 3, 2020) & 166 (FMLA mark-off over MLK Day weekend in advance of rest day on MLK Day itself (Jan. 20, 2020))). And his claim that he "was in non-FMLA status" on Labor Day 2020 is misleading; Blanton had a rest day scheduled then and so he was off work regardless. *See id.* at 189 (showing lay-off effective 12:01 a.m. on Sept. 7, 2020).

Instead, at the hearing, Blanton barely mustered any defense: he did not call any witnesses, submit any records, or offer any details whatsoever about why the "episode" he had on Christmas Eve required him to mark off. (Mot. 9-10, 16-17.) Paired with his prior warnings under similar circumstances, CSX understandably did not find this half-hearted defense compelling.

b. *Blanton's failure to adequately explain the suspicious pattern of holiday mark-offs was legitimately taken into account.*

Blanton's dismissal was based both on his suspicious pattern of FMLA use and his failure to adequately explain it. He now seeks to blame CSX for the latter, claiming he had "no guidance as to what sort of evidence [he] could put forward to allay [CSX's] suspicions." (Opp. 14.) That is not the case: his other holiday mark-offs were circumstantial evidence that his Christmas Eve mark-off was dishonest, and this was made abundantly clear at his hearing. (Doc. 42-6 (Hearing Transcript) at 11:18–13:41, 18:40–45, 21:2–8, 22:36–23:5.) Blanton's failure to offer *anything* to adequately explain that pattern was legitimately taken into account.

Blanton also suggests (Opp. 14) that CSX could not legitimately rely on his failure to adequately explain his FMLA use because he did not bear the burden of proof in the investigatory hearing. This argument misses the mark. The burden of proof in an investigatory hearing is a "very low bar" of "substantial evidence" – evidence that a reasonable mind might accept as adequate to support a conclusion. *See* Doc. 46-5 (Wheaton Dep.) 12:24-13:4; 35:9-15; *Consol. Edison Co. v.*

*NLRB*, 305 U.S. 197, 229 (1938). The circumstantial evidence here was sufficient to satisfy that standard, as the arbitrator found. (*See* Doc. 42-21 (Arbitration Award) at BLANTON000411.)

c. *There is no evidence that any of the managers who decided on Blanton's discipline did not truly believe he had been dishonest.*

Blanton says that "CSX indicated 'it really didn't matter whether [the relevant party] experienced an episode over the holidays,'" (Opp. 13) but he is merely quoting the *Parker* opinion, not citing evidence specific to this case. Nor does any such evidence exist. In fact, the discipline decision-making correspondence shows the exact opposite; it demonstrates that the dismissal decision was made only after CSX weighed all the evidence and concluded it was sufficient to prove the charges. (*See* Doc. 42-16 (Feb. 11, 2021 Email from Jones to Sieruga.)

**3. Blanton fails to adequately rebut CSX's comparator evidence.**

Blanton attempts (Opp. 15-16) to rebut CSX's comparator evidence, but the out-of-circuit cases he cites concern a plaintiff's obligation at the *prima facie* stage; they say nothing about the defendant's evidence. *See Haywood v. Lock*e, 387 F. App'x 355, 359 (4th Cir. 2010); *Hayes v. Wall Recycling, LLC.*, 729 F. Supp. 3d 553, 561-62 (E.D.N.C. 2024). All of the comparators identified by CSX were T&E employees who (1) were subject to the same disciplinary policy; (2) violated the

same rule (Operating Rule 104.2, prohibiting dishonesty); and (3) received the same discipline (dismissal). (*See* Mot. 17-18.) The only distinguishing factor is that Blanton was dishonest about FMLA leave whereas the comparators were dishonest about something else – which undermines rather than supports his retaliation claim.

### C. Blanton Cannot Prove His FMLA Interference Claim

Blanton does not dispute that, in order to prove FMLA interference, he must show that he was denied a benefit under the FMLA. (Mot. 21-23.) Nor does he dispute that his interference claim is a carbon copy of his retaliation claim; he concedes that the two "effectively merge" into one. (Opp. 17.) His interference claim fails for all of the same reasons as his retaliation claim does, and because Blanton cannot show he was denied any benefits to which he was entitled under the FMLA. (*See* Mot. 21-23.)

## CONCLUSION

CSX honestly believed that Blanton's Christmas Eve mark-off – the fourth straight year he claimed to need FMLA leave over Christmas – was dishonest, and disciplined him on that basis. Blanton denies using FMLA leave dishonestly but that denial alone is insufficient to survive summary judgment. He must be able to prove his dismissal was retaliatory, and he cannot do so. Summary judgment is therefore warranted.

Dated: September 25, 2026

Respectfully Submitted,

*/s/ Thomas R. Chiavetta*

Thomas R. Chiavetta
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(202) 879-3939
tchiavetta@jonesday.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2026, a true and correct copy of the foregoing document was electronically filed using the CM/ECF system, which will serve all counsel of record.

*/s/ Thomas R. Chiavetta*